**F I L E D**
United States Court of Appeals
Tenth Circuit

May 31, 2005

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 04-6189 |
| MARLON JAY BARTLETT, JR., | (D.C. No. 03-CR-77-L) |
| Defendant-Appellant. | (W.D. Oklahoma) |

**ORDER AND JUDGMENT**[*]

A true copy
Teste
Patrick Fisher
Clerk, U.S. Court of
Appeals, Tenth Circuit
By _____
Deputy Clerk

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel agrees with counsel that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Marlon Bartlett, Jr., pled guilty to one count of robbery in violation of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

18 U.S.C. § 1951, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1), and was sentenced to a term of imprisonment of 188 months. Bartlett now appeals, challenging his sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On April 15, 2003, Bartlett was indicted on five criminal counts: kidnaping in violation of 18 U.S.C. § 1201(a)(1); robbery of a fast food restaurant in violation of 18 U.S.C. § 1951; two counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1). Shortly thereafter, the government filed written notice that it would be seeking imposition of an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because Bartlett "ha[d] at least three previous convictions for violent felonies." ROA, Vol. 1, Doc. 11, at 1. In particular, the government's notice alleged that Bartlett had two previous convictions for burglary in the State of Kansas, as well as a prior conviction for solicitation to commit second degree murder in the State of Kansas. Bartlett responded by filing a motion arguing that the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), entitled him to a jury determination of whether his two prior burglary convictions fell within the scope of the ACCA.

On February 18, 2004, Bartlett pled guilty to the robbery and felon in possession of

2

a firearm counts in the indictment. Shortly thereafter, the district court issued an order concluding that all of Bartlett's pretrial motions, including his <u>Apprendi</u>-based motion regarding the ACCA, were moot. Supp. ROA, Doc. 79.

A presentence investigation report (PSR) was subsequently prepared which concluded that Bartlett's prior convictions qualified him as an armed career criminal for purposes of U.S.S.G. § 4B1.4. Bartlett objected to that portion of the PSR, arguing that his two prior burglary convictions did not qualify as violent felonies for purposes of the ACCA. At sentencing, the district court overruled Bartlett's objection to the PSR. In doing so, the district court began by examining the Kansas burglary statute under which Bartlett was twice convicted. Because the district court concluded that this statute "encompasse[d] conduct beyond generic burglary," the district court then "look[ed] to the charging documents" in each of the two prior convictions. ROA, Vol. 2, at 11. The district court ultimately found, based on reviewing the charging documents from Bartlett's two Kansas burglary convictions, that in each instance he was charged with entering a place of business without authority and with the intent to steal. <u>Id.</u> Accordingly, the district court concluded that Bartlett's two Kansas burglary convictions qualified under the ACCA "as violent felonies and that the [proposed] enhancement [under U.S.S.G. § 4B1.4] would be proper." <u>Id.</u> at 11-12. The district court, adopting the ACCA enhancement proposed in the PSR, sentenced Bartlett to a term of imprisonment of 188 months, a sentence at the bottom of the calculated guideline range.

II.

On appeal, Bartlett asserts three challenges to the sentence imposed by the district court. As outlined in greater detail below, we find no merit to any of those challenges, and accordingly affirm the sentence imposed by the district court.

A.

Bartlett's first challenge to his sentence concerns the district court's application of the ACCA. The ACCA "mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies." Shepard v. United States, 125 S.Ct. 1254, 1257 (2005). Burglary is considered a "violent felony" for purposes of the ACCA "only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." Id.

Bartlett argues, as he did below, that under Apprendi the question of whether his prior burglary convictions qualify as "violent felonies" for purposes of the ACCA is a fact that must be proven to a jury under the "beyond a reasonable doubt" standard. We recently rejected this identical argument in United States v. Moore, 401 F.3d 1220, 1224- (10th Cir. 2005). In doing so, we concluded that "determining whether a given felony constitutes a 'violent felony' is a question of law and not fact," and thus "the Sixth Amendment does not require that determination to be made by a jury." Id. at 1225. We further noted that even where, as here, a district court concludes the defendant was convicted under a "nongeneric" burglary statute, the Sixth Amendment is not implicated

so long as the district court "stay[s] within the bounds delineated by the [Supreme] Court in" Shepard. Id. at 1225, n.2. In other words, the Sixth Amendment is not implicated so long as a district court determining the character of a prior burglary conviction limits itself "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard, 125 S.Ct. at 1257. Because the record on appeal in this case firmly establishes that the district court looked only to the charging documents from Bartlett's two Kansas burglary convictions, we readily conclude that Bartlett's Sixth Amendment rights were not implicated.

B.

In his second issue on appeal, Bartlett contends the district court erred in characterizing his prior Kansas burglary convictions as "violent felonies" for purposes of the ACCA. Because, as noted, that characterization is a legal determination, it is subject to de novo review by this court. See Moore, 401 F.3d at 1224-25; United States v. Haslip, 160 F.3d 649, 656 (10th Cir. 1998).

Consistent with the Supreme Court's decision in Taylor, we first look to the Kansas burglary statute that Bartlett was charged with and convicted of violating. 495 U.S. at 602. If the definition of burglary contained in that statute substantially corresponds to "generic" burglary, then we will affirm the § 924(e) sentence enhancement without further inquiry. If, however, the statute encompasses conduct beyond "generic"

burglary, we must look to the various documents outlined in <u>Shepard</u> to determine whether the jury found, or the defendant admitted, conduct conforming to the definition of "generic" burglary. See <u>Haslip</u>, 160 F.3d at 656.

According to the record, Bartlett was twice convicted of burglary in the State of Kansas, first in 1984 and subsequently in 1987. The Kansas statute Bartlett was convicted of violating, Kan. Stat. Ann. § 21-3715, clearly encompasses conduct going beyond "generic" burglary as defined by the Supreme Court. In particular, the Kansas statute includes not only buildings, but also "motor vehicle[s], aircraft, watercraft, railroad car[s] [and] other means of conveyance of persons or property." Kan. Stat. Ann. § 21-3715(c). Thus, <u>Taylor</u> requires us to look beyond the statute to determine whether the § 924(e) enhancement was proper.

Bartlett's 1984 burglary conviction arose out of a complaint filed in the District Court of Geary County, Kansas, alleging, in pertinent part, "that on or about the 7th day of November, 1983," Bartlett "unlawfully, feloniously, willfully, knowingly and without authority enter[ed] into a remain[ed] within a business, to-wit: Oriental Imports, with the intent to commit a theft therein, contrary to K.S.A. 21-3715." Supp. ROA, Doc. 90, Attach. B, at 1. A May 10, 1984, journal entry issued by the District Court of Geary County indicates that Bartlett was found guilty of this charge. In light of these documents, we conclude that Bartlett's 1984 conviction for burglary satisfies the Supreme Court's definition of "generic" burglary, and in turn constitutes a "violent felony" under

the ACCA.

We reach the same conclusion with respect to Bartlett's 1987 burglary conviction. That conviction arose out of a complaint filed in the District Court of Geary County, Kansas, alleging, in pertinent part, "that on or about the 4th day of January, 1987," Bartlett "unlawfully, feloniously, willfully, knowingly and without authority enter[ed] into and remain[ed] within a business, to-wit: the Alibi Tavern, with the intent to commit a theft therein, contrary to K.S.A. 21-3715." Supp. ROA, Doc. 90, Attach. C, at 1. A journal entry issued by the District Court of Geary County indicates that Bartlett pled guilty to that charge on March 4, 1987. In light of the information in these documents, it is apparent that Bartlett's 1987 conviction for burglary constitutes a "violent felony" for purposes of the ACCA.

C.

In his final argument on appeal, Bartlett contends, citing <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), that the district court violated his Sixth Amendment rights by enhancing his sentence on the basis of its findings that he possessed and used a firearm during the robbery to which he pled guilty. Because Bartlett did not raise this issue below, "we review the district court's sentencing decision for plain error."[2] <u>United States v. Dazey</u>, 403 F.3d 1147, 1174 (10th Cir. 2005). To establish plain error, Bartlett "must

---

[2] As previously noted, Bartlett asserted an <u>Apprendi</u>-based challenge to the district court's application of the ACCA. He did not, however, assert an <u>Apprendi</u>-based challenge to the other sentencing enhancements imposed by the district court.

demonstrate that the district court (1) committed error, (2) that the error was plain, and (3) that the plain error affected his substantial rights." Id. "If all these conditions are met, a court reviewing the error may exercise discretion to correct it if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

In Blakely, which was issued shortly after Bartlett filed his notice of appeal, the Supreme Court held that in a state prosecution the Sixth Amendment requires that the maximum permissible sentence in a particular case must be determined solely by reference to "facts reflected in the jury verdict or admitted by the defendant." 124 S.Ct. at 2537. In United States v. Booker, 125 S.Ct. 738 (2005), which was issued during the pendency of this appeal, the "Court extended the logic of Blakely to the Federal Sentencing Guidelines, holding that the Sixth Amendment requires that '[a]ny fact (other than a prior conviction) . . . necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" Dazey, 403 F.3d at 1174 (quoting Booker, 125 S.Ct. at 756).

In light of Blakely and Booker, we conclude that the district court erred in sentencing Bartlett. The district court, applying the-then mandatory Guidelines, concluded that Bartlett was an armed career criminal under the ACCA and was thus subject to having his offense level calculated pursuant to U.S.S.G. § 4B1.4. Under § 4B1.4, an armed career criminal is subject, at a minimum, to an offense level of 33. In

this case, however, the district court concluded Bartlett was subject to an offense level of 34 pursuant to § 4B1.4(b)(3)(A) based on its finding that he used a firearm in connection with the robbery (i.e., by pointing it at a restaurant employee during the robbery).[3] It is now clear, given the Supreme Court's holding in Booker, that "[t]his sentencing methodology violated [Bartlett's] Sixth Amendment rights." Dazey, 403 F.3d at 1174.

Although the district court's constitutional error was not "plain" at the time of Bartlett's sentencing, it is the law at the time of the appellate decision that is relevant here. See Johnson v. United States, 520 U.S. 461, 468 (1997) (holding that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal--it is enough that the error be 'plain' at the time of appellate consideration."). Thus, given the Supreme Court's decision in Booker, the error is now plain. See Dazey, 403 F.3d at 1174-75.

That leads us to the third prong of the plain error test and the rationale set forth in Dazey. In order to satisfy the third prong, Bartlett must demonstrate that the district court's constitutional error affected his substantial rights. "[T]here are at least two ways a defendant can make this showing." Dazey, 403 F.3d at 1175. "First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not

---

[3] The PSR, in its calculations, also discussed two additional enhancements that were based upon Bartlett having used and possessed a firearm during the robbery. Those enhancements did not ultimately come into play at the time of sentencing, however, because of Bartlett's status as an armed career criminal and the corresponding obligation of the district court under the Guidelines to impose a minimum offense level of 33.

have found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights." Id. "Second, a defendant may show that the district court's error affected his substantial rights by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court would reasonably impose a sentence outside the Guidelines range." Id.

Notably, Bartlett has made no attempt to make either of these showings or any other. Indeed, Bartlett has not even acknowledged that his Sixth Amendment claim is subject to plain error review. Moreover, our own review of the record fails to persuade us (a) that there was a lack of factual support for the district court's finding that Bartlett used a firearm during the course of the robbery, or (b) that the district court would have imposed a sentence below the Guideline range. Thus, we conclude Bartlett has failed to demonstrate that the district court's error affected his substantial rights.[4]

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[4] We note that Bartlett's prior convictions subjected him to the provisions of the ACCA and its mandatory minimum sentence of fifteen years. See 18 U.S.C. § 924(e)(1). Thus, even if the district court had expressed a desire to impose a sentence below the Guideline range (of 188-235 months), it could not, in any event, have imposed a sentence below 180 months.

**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

June 22, 2005

Mr. Robert D. Dennis
Clerk
United States District Court for the W. District of Oklahoma
200 NW Fourth Street
Room 1210 United States Courthouse
Oklahoma City, OK 73102

Re:  04-6189, United States v. Bartlett
     Dist/Ag docket: 03-CR-77-L

Dear Clerk:

Enclosed for the clerk of the trial court or the named agency, is a certified copy of the order and judgment filed in this case which is issued as the mandate of this court. See Fed. R. App. P. 41(a). Please file it in the records of your court or agency.

Please contact this office if you have questions.

Sincerely,

PATRICK FISHER
Clerk

By: [signature]
Deputy Clerk

PF:cs

cc:
Mark A. Yancey
Robert G. McCampbell, U.S. Attorney
Joseph L. Wells